UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD MIKKA, et al.,

    Plaintiffs,

v.

TRISTATE CAPITAL BANK, et al.,

    Defendants.

_____/

Case No. 19-12635

Hon. Marianne O. Battani

**OPINION AND ORDER GRANTING MOTION TO SET ASIDE ENTRY OF DEFAULT AS TO LEE C. BROYLES AND DISMISSING HIS OBJECTIONS TO REPORT AND RECOMMENDATION AS MOOT**

**I. INTRODUCTION**

Plaintiffs Donald Mikka, Mary Jane West, and Mary Jane West Living Trust filed this action on September 9, 2019, alleging statutory and common law conversion, civil conspiracy and RICO violations against Defendants David Rockwell, Lee C. Broyles and Gralyn Financial Services LLC. After Plaintiffs move for entry of default judgment against Broyles, the Court referred the matter to Magistrate Judge Elizabeth Stafford for Report and Recommendation.

In her R&R, the Magistrate Judge set forth the relevant facts, including that Broyles failed to timely plead or otherwise defend against the action, and that the Clerk entered default against him on October 24, 2019, and that Broyles never moved to set aside the entry of default and did not respond to the motion for entry of default judgment. (ECF No. 57, p. 2). After considering the governing law--that upon entry of

default, well-pleaded factual allegations in the complaint are deemed admitted, the Magistrate Judge recommended that default judgement be granted.  Id. (citing Ford Motor Co. v. Cross, 441 F. Supp. 2d 837, 846 (E.D. Mich. Jun. 9, 2006) (citing Visioneering Construction v. U.S. Fidelity and Guaranty, 661 F.2d 119, 124 (6th Cir. 1981)).  Plaintiffs alleged that Broyles, in concert with the other Defendants, misappropriated or otherwise withdrew for their own use and benefit at least $1,062,920.00 from accounts owned by and/or benefitting Mikka, West and West's trust.  (ECF No. 57, p. 2).  Accordingly, she recommended, among other things, that the Court grant default judgment on Plaintiffs' claims relating to the misappropriation of funds, and that a judgment should be issued against Broyles for $1,062,920.00, plus applicable interest.  (Id., p. 5).

On  August 24, 2020, before the time to file objections to the R&R expired, Broyles moved to set aside the default judgment.  (ECF No. 60).  In the motion, counsel for Broyles states that he had not received notice of court filing because of a problem with the court's notification system.  Counsel acknowledged that he was aware of the motion for default judgment and that his client was deposed on December 16, 2019.  Broyles also asserts he has a meritorious defense because he was not involved in the conduct at issue.  The following day, Broyles filed Objections to the Report and Recommendation (ECF No. 62).  Plaintiffs did not file a responsive pleading to the motion.  Because the relief requested in the motion would render the recommendation in the R&R moot, the Court turns its attention to the merits of Broyles request to have the entry of default set aside.

## II. STANDARD OF REVIEW

Rule 55(c) governs whether the court may set aside a default. Under the Rule, "the court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)."

## III. ANALYSIS

The Court considers three factors in determining whether "good cause" exists to set aside an entry of default pursuant to Fed. R. Civ. P. 55(c): "(1) [w]hether culpable conduct of the defendant led to the default, (2) [w]hether the defendant has a meritorious defense, and (3) [w]hether the plaintiff will be prejudiced." Waifersong, Ltd. Inc. v. Classic Music Vending, 976 F.2d 290, 292 (6th Cir. 1992); accord Weiss v. St. Paul Fire and Marine Ins. Co., 283 F.3d 790, 794 (6th Cir. 2002). Although courts consider these same factors in evaluating whether to set aside a default judgment under Fed. R. Civ. P. 60(b), courts adopt a more lenient stance when analyzing a Rule 55(c) motion. Waifersong, 976 F.2d at 292 ("[T]he methodology for considering these factors and the weight to be accorded them depends on whether the court is confronted by an entry of default or a default judgment."). Therefore, in deciding a motion to set aside entry of default, when a defendant has a meritorious defense and the plaintiff would not be prejudiced, "it is an abuse of discretion for a district court to deny a Rule 55(c) motion in the absence of a willful failure of the moving party to appear and plead." Shepard Claims Service v. William Darrah & Assoc., 796 F.2d 190, 193-4 (6th Cir. 1986).

In this case, the Court finds no willful failure on Broyles' part. He participated in a deposition in December 2019 after entry of default against him. More importantly,

Broyles has denied involvement in the matters alleged in the Complaint.  Finally, the Court agrees that Plaintiffs suffered no prejudice inasmuch as Broyles submitted to a deposition, which he contends resulted in the consent judgment against David A. Rockwell and Gralyn Financial Services, LLC, in the amount of $1,188,920.

## IV.  CONCLUSION

Therefore, the Court **GRANTS** the Motion to Set Aside Default (ECF No. 60). The default entered against Broyles pursuant to Fed. R. Civ. P. 55(a) is vacated and set aside.  Because the motion is granted, the Report and Recommendation is moot, and the Objections are **DISMISSED** as Moot.

**IT IS SO ORDERED.**

                                              s/Marianne O. Battani
                                              MARIANNE O. BATTANI
                                              UNITED STATES DISTRICT JUDGE

Date: September 29, 2020